1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

WAYNE JOHNSON,

Plaintiff,

8

9

v.

10

CONTRA COSTA COUNTY CLERK
RECORDER, et al.,

11

Defendants.

Case No.  21-cv-07579-JSC

**SCREENING ORDER PURSUANT TO
28 U.S.C. § 1915**

Re: Dkt. No. 1

12

13      Plaintiff Wayne Johnson, who is proceeding without an attorney, filed this civil rights

14  action against the Contra Costa County Clerk-Recorder Deborah Cooper ("Court Clerk"), the

15  Contra Costa County Court Reporter Patricia D. Malone ("Court Reporter"), the Contra Costa

16  County Chief Probation Officer Esa Ehmen Krause ("Probation Officer"), and Does 1-10. The

17  Court previously granted Plaintiff's application to proceed *in forma pauperis*. (Dkt. No. 4.)[1] It

18  must now review the complaint's allegations under 28 U.S.C. § 1915.

19                    **COMPLAINT ALLEGATIONS**

20      Plaintiff alleges various constitutional violations, including violations of the Fourth

21  Amendment, Eighth Amendment, and Fourteenth Amendment, in relation to a restraining order

22  and a criminal conviction resulting from a violation of that order. The restraining order was issued

23  against Plaintiff sometime before December 3, 2018. (Dkt. No. 1 at 3 ¶ 15.) The Court Clerk

24  processed the unlawfully procured restraining order despite her training regarding the issuance of

25  orders. (*Id.* at 3 ¶ 19.) On December 3, 2018, a Contra Costa County judge issued a warrant for

26  Plaintiff's arrest "based upon knowingly false information" for "unlawful conduct while a

27  ───────────────

28  [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

restraining order was in effect." (*Id.* at 3 ¶ 15.) Plaintiff was arrested and held for three days in Alameda County jail before being released on bail. (*Id.* at 3 ¶ 21.) The arresting police officers did not present an arrest warrant and "if defendants did obtain a warrant, they provided deliberately false information, or reckless statements, to the magistrate or judge to obtain said warrant." (*Id.* at 5 ¶¶ 28–29.) Plaintiff did not receive credit for the days spent in jail in Alameda County. (*Id.* at 3–4 ¶ 22.) On March 4, 2019, Plaintiff appeared in court where the judge "revoked Plaintiff's bail and remanded him to custody." (*Id.* at 4 ¶ 24.) Plaintiff was "held without bond for the entire trial and prevented from locating crucial witnesses and evidence." (*Id.* at 4 ¶ 25.) During the trial, "Judge Burch ordered the court reporter to not make a record of [Plaintiff's] objection" and the Judge "continually engaged in that kind of behavior, obstructing justice and creating roadblocks to a fair trial. He 'ordered' the court reporter not to record critical objections on numerous occasions." (*Id.* at 4 ¶ 27.) At the conclusion of the trial, Plaintiff was sentenced to an unknown length of time in San Quentin State Penitentiary. (*Id.* at 4 ¶ 29.)

The California Court of Appeal voided the restraining order against Plaintiff on January 3, 2020. (*Id.* at 3 ¶ 18.) Plaintiff was released from prison on April 1, 2021. (*Id.* at 5 ¶ 25.) The Probation Officer "falsely reported Plaintiff was transient[,] had no education[,]" and that "Plaintiff had a substance abuse problem when there is absolutely no information Plaintiff had any connection to any substance abuse." (*Id.*) This "false information" caused the California Department of Corrections and Rehabilitation ("CDCR") to send Plaintiff to Red Bluff, California for two weeks where he was homeless and without food or means of support. (*Id.*) Plaintiff's "underlying conviction in cases 01-188003 and 0051905-90 are currently on Appeal in People v. Johnson A159389, and there is an accompanying Petition for Writ Of Habeas Corpus also pending associated with that appeal." (*Id.* at 3 ¶ 14.)

Plaintiff sues Defendants in both their official and personal capacities. (*Id.* at 2 ¶ 5.) He alleges that Defendants "are responsible in some legal way for [Plaintiff's] injuries and damages" in violation of 42 U.S.C. §§ 1983 and 1988. (*Id.* at 2 ¶ 7.) Plaintiff asserts jurisdiction under 28 U.S.C. §§ 1331 and 1343 for his federal constitutional claims. (*Id.*) Finally, the requested relief includes: compensatory and general damages in the amount of $1,007,100; changes to Contra

1   Costa County's policies; punitive damages against all defendants in the amount of $500,000;

2   attorney's fees; and trial by jury. (*Id.* at 8.)

3   ## LEGAL STANDARD

4      The Court has a continuing duty to dismiss any case in which a party is proceeding *in*

5   *forma pauperis* upon a determination that the case is: (1) frivolous or malicious, (2) fails to state a

6   claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is

7   immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C.

8   §1915(e)(2) mirrors that of Rule 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

9   2000). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on

10   its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is

11   not a "probability requirement" but mandates "more than a sheer possibility that a defendant has

12   acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). To avoid dismissal, a

13   complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic

14   recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–57. "A claim has facial

15   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

16   inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

17      A complaint must contain "a short and plain statement of the claim showing that the

18   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-cv-

19   03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015). "While the federal rules require

20   brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice'

21   of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR

22   (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89,

23   93 (2007)). A complaint that fails to state a defendant's specific acts "that violated the plaintiff's

24   rights fails to meet the notice requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-CV-

25   00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v.*

26   *United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

27      Further, when a plaintiff files a complaint without representation by a lawyer, the Court

28   must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe*

United States District Court
Northern District of California

3

*v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (cleaned up). "A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up).

## DISCUSSION

Plaintiff pleads three causes of action under 42 U.S.C. § 1983: (1) the Court Clerk's entry of the unlawful restraining order, (2) the Court Reporter's failure to record Plaintiff's objections during trial, and (3) the Probation Officer's intentional inclusion of "false and misleading information in Plaintiff's jacket" resulting in Plaintiff's release on parole to Red Bluff, California for two weeks. (*See* Dkt. No. 1 at 5–7.)

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges or immunities secured by the Constitution and laws' of the United States." *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498 (1990) (quoting 42 U.S.C. § 1983). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (cleaned up). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. First Cause of Action: Court Clerk

Plaintiff's first cause of action arises from the Court Clerk's entry of a void restraining order. Plaintiff claims that the Court Clerk "has training on the proper issuance of temporary restraining orders and permanent orders, yet the clerk processed the void orders nonetheless." (Dkt. No. 1 at 3 ¶ 19.) Although later voided, there are no facts alleged that plausibly support an inference that the Court Clerk performed her duty in an improper manner or that intentional misconduct was present. The complaint also does not allege why the restraining order was voided and how the Court Clerk's actions violated Section 1983. Thus, Plaintiff has not plausibly alleged a violation of a constitutional right.

Even if an arguable claim existed against the Court Clerk, absolute quasi-judicial immunity

United States District Court
Northern District of California

1   bars Plaintiff's claim. *See* 28 U.S.C. § 1915(e)(2) (mandating dismissal of any claim that "seeks

2   monetary relief against a defendant who is immune from such relief"). Entry of a restraining order

3   issued by a judge is a "purely administrative act," which "when viewed in context [is] actually a

4   part of the judicial function." *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002) (scheduling and

5   notice of hearing); *see also Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (supersedeas

6   bond). Thus, absolute quasi-judicial immunity bars the claim against the Court Clerk.

7       **B. Second Cause of Action: Court Reporter**

8       Plaintiff's second cause of action arises from the Court Reporter's failure to record

9   Plaintiff's objections during trial. Plaintiff claims that "[t]he Court Reporter does not have

10  discretion to not take down testimony or record critical objections even when unlawfully ordered

11  by a Judge not to record the objections," and that her failure to do so resulted in Plaintiff being

12  denied a fair trial. (Dkt. No. 1 at 6 ¶ 40.) He specifically alleges that "Judge Burch ordered the

13  court reporter to not make a record of the objection so as to preserve it for trial. . . . He 'ordered'

14  the court reporter not to record critical objections on numerous occasions." (*Id.* at 4 ¶ 27.) The

15  allegations are unclear as to whether this alleged constitutional violation occurred from

16  "September 4, 2018 through December 20, 2018" as stated in the complaint, (*id.* at 4 ¶ 39), or after

17  Plaintiff's arrest in early 2019 for violation of the restraining order. (*See id.* at 4 ¶¶ 25–27 (the

18  chronological order of events indicates the Court Reporter's alleged actions occurred during the

19  trial and/or hearings for a violation of the restraining order).) Given the ambiguity of the

20  allegations, the complaint does not provide the Court Reporter with the notice required by Rule

21  8(a)(2).

22      Furthermore, if the alleged constitutional violation occurred during the trial and/or the

23  hearings for a violation of the restraining order, this claim would be barred by *Heck v. Humphrey*,

24  512 U.S. 477 (1994). To obtain relief for "harm caused by actions whose unlawfulness would

25  render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

26  sentence has been reversed on direct appeal." *Heck*, 512 U.S. at 486–87. According to the

27  complaint, Plaintiff's conviction for violating a restraining order is currently before the California

28  Court of Appeal and is not invalidated. (Dkt. No. 1 at 3 ¶ 14.) Since the failure to record

United States District Court
Northern District of California

1    objections at trial is a *de facto* challenge to Plaintiff's conviction which has yet to be ruled on by

2    the state appellate court, *Heck* would bar this claim.

3           Moreover, regardless, drawing all reasonable inferences from the allegations in Plaintiff's

4    favor, the Court Reporter may be immune from suit. Quasi-judicial immunity "applies when a

5    non-judicial officer performs a non-discretionary or administrative function . . . at the explicit

6    direction of a judicial officer." *Wright v. Beck*, 981 F.3d 719, 738 (9th Cir. 2020) (cleaned up).

7    Here, according to Plaintiff's allegations, the judge "ordered" the Court Reporter to exclude

8    certain objections from the record. (Dkt. No. 1 at 4 ¶ 24.) This explicit direction by the judge

9    could be considered an extension of the judge's exercise of discretionary judgment. *See Wright*,

10   981 F.3d at 738.

**C. Third Cause of Action: Probation Officer**

12          Plaintiff's third cause of action is against the Probation Officer for the intentional inclusion

13   of false and misleading information in Plaintiff's file that caused Plaintiff to be released on parole

14   in Red Bluff, California where he remained for a period of two weeks. "[A]n inmate who is

15   released on parole . . . shall be returned to the county that was the last legal residence of the inmate

16   prior to the inmate's incarceration." Cal. Penal Code § 3003(a). Notwithstanding this rule, "an

17   inmate may be returned to another county or city if that would be in the best interests of the

18   public." *Id.* § 3003(b). Plaintiff's complaint fails to allege facts that support an inference that

19   placement in Red Bluff was contrary to the public interest or violative of a constitutional right.

20          Moreover, probation officers have immunity from certain claims. "[A]bsolute immunity

21   extends to parole officials for the imposition of parole conditions because that task is integrally

22   related to an official's decision to grant or revoke parole, which is a quasi-judicial function."

23   *Thornton v. Brown*, 757 F.3d 834, 839–40 (9th Cir. 2013) (cleaned up). Here, Plaintiff alleges that

24   the Probation Officer "falsely reported Plaintiff was transient[,] had no education[,]" and that

25   "Plaintiff had a substance abuse problem when there is absolutely no information Plaintiff had any

26   connection to any substance abuse." (Dkt. No. 1 at 5 ¶ 25.) It is unclear whether the Probation

27   Officer's conduct equates to the imposition of parole conditions. Thus, the facts as pleaded do not

28   compel a finding of immunity.

United States District Court
Northern District of California

6

## CONCLUSION

For the reasons explained above, the complaint as pleaded does not survive section 1915 review. If Plaintiff believes he can cure the deficiencies, he may file an amended complaint on or before **January 5, 2022**.

**IT IS SO ORDERED.**

Dated: December 9, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

7