1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7   WAYNE JOHNSON,                          Case No.  21-cv-07579-JSC

8                  Plaintiff,
                                            **SCREENING ORDER PURSUANT TO**
9        v.                                 **28 U.S.C. § 1915**

10  CONTRA COSTA COUNTY CLERK               Re: Dkt. No. 9
    RECORDER, et al.,
11
                   Defendants.
12

13          The Court previously granted Plaintiff's motion to proceed *in forma pauperis* and gave

14  him the opportunity to amend his complaint to cure the deficiencies identified in the 28 U.S.C. §

15  1915 screening.  (Dkt. Nos. 4, 7.)[1]  The Court now reviews Plaintiff's amended complaint

16  pursuant to 28 U.S.C. § 1915.  (Dkt. No. 9.)

17                              **COMPLAINT ALLEGATIONS**

18          Plaintiff brings various constitutional claims, including violations of the Fourth, Eighth,

19  and Fourteenth Amendments, relating to a void restraining order and his criminal conviction for

20  violating that order.  He also cites 42 U.S.C. §§ 1983 and 1988, as well as the California

21  constitution and common law.  (*Id.* ¶¶ 5, 7–8.)

22          A five-year restraining order was issued against Plaintiff on October 2, 2018.  Plaintiff had

23  no notice of the proceedings and no temporary restraining order had been issued.  Thereafter, a

24  Contra Costa County judge issued an arrest warrant based on false claims that Plaintiff had

25  violated the restraining order.  U.S. Marshals arrested Plaintiff on January 3, 2019 and he was

26  released on bail on January 5, 2019.  On March 4, 2019, Plaintiff appeared in court where the

27  _____

28  [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
    ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

1    judge "revoked Plaintiff's bail and remanded him to custody." (*Id.* ¶ 37.)

2        Plaintiff's criminal trial took place between September 4 and December 20, 2019. (*Id.* ¶

3    73.) Plaintiff was "held without bond for the entire trial and prevented from locating crucial

4    witnesses and evidence." (*Id.* ¶ 38.) During the trial, the presiding judge "ordered the court

5    reporter to not make a record of [Plaintiff's] objection" and "continually obstructed justice and

6    manufactured roadblocks to Plaintiff's fair trial." (*Id.* ¶ 40.) He was convicted and incarcerated at

7    San Quentin State Penitentiary. (*See id.* ¶ 42.)

8        After his conviction, the California Court of Appeal voided the restraining order against

9    Plaintiff on January 3, 2020. Plaintiff was released from prison on April 1, 2021. (*See id.* ¶ 88.)

10   The Probation Officer "fabricated a story" about Plaintiff "living homeless in Contra Costa

11   County." (*Id.* ¶ 23.) The Probation Officer knew that Plaintiff was a lifelong resident and

12   business owner in Alameda County. The falsehood was designed to harm Plaintiff by placing him

13   away from family and healthcare providers who treated his advanced coronary disease. As a

14   result, Plaintiff was released to Red Bluff, California for two weeks where he was homeless and

15   without food or means of support.

16       Plaintiff's requested relief includes compensatory and general damages in the amount of

17   $1,007,100; changes to Contra Costa County's policies; punitive damages against all Defendants

18   in the amount of $500,000; attorney's fees; and trial by jury. (*Id.* at 17.) Plaintiff's "underlying

19   conviction in cases 01-188003 and 0051905-90 are currently on Appeal in People v. Johnson

20   A159389, and there is an accompanying Petition for Writ Of Habeas Corpus also pending

21   associated with that appeal." (*Id.* ¶ 14.)

22                                    **LEGAL STANDARD**

23       The Court has a continuing duty to dismiss any case in which a party is proceeding *in*

24   *forma pauperis* upon a determination that the case is: (1) frivolous or malicious, (2) fails to state a

25   claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is

26   immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C.

27   §1915(e)(2) mirrors that of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d

28   1122, 1126–27 (9th Cir. 2000). Thus, the complaint must allege "enough facts to state a claim to

1    relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facial

2    plausibility standard is not a "probability requirement" but mandates "more than a sheer

3    possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

4    (cleaned up).  To avoid dismissal, a complaint must contain more than "naked assertion[s],"

5    "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."

6    *Twombly*, 550 U.S. at 555–57.  "A claim has facial plausibility when the plaintiff pleads factual

7    content that allows the court to draw the reasonable inference that the defendant is liable for the

8    misconduct alleged." *Iqbal*, 556 U.S. at 678.

9          A complaint must contain "a short and plain statement of the claim showing that the

10   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-cv-

11   03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015).  "While the federal rules require

12   brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice'

13   of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR

14   (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89,

15   93 (2007)).  A complaint that fails to state a defendant's specific acts "that violated the plaintiff's

16   rights fails to meet the notice requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-CV-

17   00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v.*

18   *United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

19         Further, when a plaintiff files a complaint without representation by a lawyer, the Court

20   must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe*

21   *v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (cleaned up).  "A district court should not dismiss a

22   pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the

23   complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir.

24   2015) (cleaned up).

25                                          **DISCUSSION**

26         Plaintiff pleads three claims arising from: (1) the Court Clerk's entry of the unlawful

27   restraining order, (2) the Court Reporter's failure to record Plaintiff's objections during trial, and

28   (3) the Probation Officer's intentional inclusion of false information in Plaintiff's probation report.

United States District Court
Northern District of California

1    "Section 1983 provides a cause of action for 'the deprivation of any rights, privileges or

2    immunities secured by the Constitution and laws' of the United States*." Wilder v. Va. Hosp.*

3    *Ass'n*, 496 U.S. 498 (1990) (quoting 42 U.S.C. § 1983).  "Section 1983 is not itself a source of

4    substantive rights, but merely provides a method for vindicating federal rights elsewhere

5    conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (cleaned up).  To state a claim

6    under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by

7    the Constitution or laws of the United States was violated, and (2) that the alleged violation was

8    committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

9        **A.      First Cause of Action: Court Clerk**

10       According to the amended complaint, a judge issued a five-year restraining order against

11   Plaintiff on October 2, 2018; Plaintiff challenges the Court Clerk's entry of that order.  Plaintiff

12   alleges that "any sworn clerk knows that a restraining order cannot be issued without serving a

13   [temporary restraining order]."  (Dkt. No. 9 ¶ 64.)  He emphasizes that, on appeal, the restraining

14   order was determined not merely voidable but "void from its inception," such that the Clerk

15   should not have issued it in the first place.  (*Id.*)

16       The amended complaint does not allege facts that plausibly support an inference that the

17   Clerk performed her duty improperly.  Rather, it alleges that the Clerk entered the order as

18   directed by the judge.  As such, Plaintiff's claim is barred by absolute quasi-judicial immunity.

19   The immunity "applies when a non-judicial officer performs a non-discretionary or administrative

20   function . . . at the explicit direction of a judicial officer."  *Wright v. Beck*, 981 F.3d 719, 738 (9th

21   Cir. 2020) (cleaned up).  Entry of a restraining order issued by a judge is a "purely administrative

22   act," which "when viewed in context [is] actually a part of the judicial function" of resolving

23   disputes and entering orders.  *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002) (bankruptcy trustee

24   immune from suit related to scheduling and notice of hearing); *see also Moore v. Brewster*, 96

25   F.3d 1240, 1244 (9th Cir. 1996) (clerk immune from suit related to processing of supersedeas

26   bond).  Plaintiff's arguments about ministerial acts, (Dkt. No. 9 ¶¶ 46–48; Dkt. No. 10), do not

27   overcome the absolute quasi-judicial immunity afforded to acts that are closely associated with the

28   judicial function.  *See Mishler v. Clift*, 191 F.3d 998, 1008 (9th Cir. 1999) (explaining that

4

plaintiff could challenge a ministerial act "not closely associated with the judicial process," but noting that "holding hearings, taking evidence, and adjudicating are functions that are inherently judicial in nature").  Such immunity "discourages collateral attacks on final judgments through civil suits, and thus promotes," as in Plaintiff's case, "the use of appellate procedures as the standard system for correcting judicial error."  *Castillo*, 297 F.3d at 947.

Accordingly, Plaintiff's claim against the Clerk is barred.  *See* 28 U.S.C. § 1915(e)(2) (mandating dismissal of any claim that "seeks monetary relief against a defendant who is immune from such relief").

### B.      Second Cause of Action: Court Reporter

The amended complaint alleges that, during trial, the judge "ordered the court reporter not to make a record" of Plaintiff's objections to prevent Plaintiff from preserving them for appeal. (Dkt. No. 9 ¶ 40.)  Recording objections "is a ministerial act for the Court Reporter," with no "discretion to not take down any critical objections."  (*Id.* ¶ 41.)

For the same reasons as the first claim, this claim is barred by absolute quasi-judicial immunity.  Recording court proceedings at the direction of a judge is an administrative act that is part of the judicial function of holding hearings and resolving disputes.  *See Wright*, 981 F.3d at 738; *Castillo*, 297 F.3d at 947.  Accordingly, Plaintiff's claim against the Court Reporter is barred. *See* 28 U.S.C. § 1915(e)(2).

### C.      Third Cause of Action: Probation Officer

The amended complaint alleges that the Probation Officer deliberately put false information in Plaintiff's probation report "in an effort to have [him] sent to a community in which he . . . has no connection[s] and that places his . . . life at risk."  (Dkt. No. 9 ¶ 59.)  "[A]n inmate who is released on parole" "may be returned" to a county or city other than that of his last legal residence "if that would be in the best interests of the public."  Cal. Penal Code § 3003(a)-(b).  The amended complaint does not allege facts sufficient to support an inference that Plaintiff's placement in Red Bluff was contrary to the public interest or violative of a constitutional right. Plaintiff states that Red Bluff "is populated with White Supremacists who move there to escape Black people," and that the Probation Officer's goal was to "have him die or be killed."  (Dkt. No.

United States District Court
Northern District of California

9 ¶ 88.)  These conclusory statements hint at violations of constitutional rights, but are not sufficiently supported by the factual allegations in the amended complaint.

Additionally, probation officers have absolute immunity with respect to "the imposition of parole conditions."  *Thornton v. Brown*, 757 F.3d 834, 840 (9th Cir. 2013) (cleaned up).  As noted in the Court's first screening order, (Dkt. No. 7 at 6), the facts as pleaded do not compel a finding of immunity because it is not clear as a matter of law that the Probation Officer's alleged conduct is an "imposition of parole conditions."

**CONCLUSION**

For the reasons explained above, the amended complaint does not survive Section 1915 review.  Plaintiff's claims against the Court Clerk and Court Reporter are barred by absolute quasi-judicial immunity.  Plaintiff's claim against the Probation Officer requires additional factual allegations.

If Plaintiff believes he can cure the deficiencies, or at least some of the deficiencies, he may file a second amended complaint.  In light of Plaintiff's notice of unavailability, (Dkt. No. 11), the second amended complaint is due on or before **March 28, 2022**.  Plaintiff is warned that failure to file a second amended complaint may result in a report and recommendation that his complaint be dismissed.

The Court encourages Plaintiff to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102.  In light of the ongoing COVID-19 pandemic, Plaintiff should make a telephone appointment by calling (415) 782-8982.  The website for the Northern District of California also has information for litigants who are not represented by counsel.

**IT IS SO ORDERED.**

Dated: February 9, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge