1

2

3

4                      UNITED STATES DISTRICT COURT

5                     NORTHERN DISTRICT OF CALIFORNIA

6

7    WAYNE JOHNSON,                          Case No.  21-cv-07579-JSC

8                   Plaintiff,
                                             **SCREENING ORDER PURSUANT TO**
9          v.                                **28 U.S.C. § 1915**

10   CONTRA COSTA COUNTY CLERK               Re: Dkt. No. 13
     RECORDER, et al.,
11
                   Defendants.
12

13         The Court previously screened Plaintiff's original complaint and First Amended Complaint

14   pursuant to 28 U.S.C. § 1915, determining that his claims against the Court Clerk and Court

15   Reporter are barred by absolute quasi-judicial immunity and his claim against the Probation

16   Officer requires additional factual allegations.  (Dkt. No. 12; *see* Dkt. Nos. 4, 7, 9.)[1]  The Court

17   now reviews Plaintiff's Second Amended Complaint.  (Dkt. No. 13.)

18                            **COMPLAINT ALLEGATIONS**

19         Plaintiff brings claims under 42 U.S.C. § 1983 for violations of the Fourth, Eighth,

20   and Fourteenth Amendments, relating to a restraining order against him that was void from its

21   inception.  He also cites 42 U.S.C. § 1988, the California constitution, and common law.

22         A five-year restraining order was issued against Plaintiff in a "knowingly void act" by the

23   state court Judge and Court Clerk.  (Dkt. No. 13 ¶ 15.)  The Court of Appeal later ruled that the

24   order was void from its inception.  (*Id.* ¶¶ 15, 17, 31, 57–59.)  Plaintiff was jailed for three days in

25   Alameda County and released on $255,000 bond on January 5, 2019.  (*Id.* ¶ 41.)  When he

26   appeared in Contra Costa County court on March 4, 2019, Judge Goldberg revoked Plaintiff's bail

27   _____

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

and remanded him to custody without evidence that Plaintiff had "engaged in any actions that could endanger the public." (*Id.* ¶ 44.) As a result, Plaintiff was "held without bond for the entire trial and prevented from locating crucial witnesses and evidence." (*Id.* ¶ 45.) At trial, when Plaintiff's attorney tried to object to "the failure of [a] witness to present an actual object she says someone gave her at the hospital," Judge Burch "ordered the court reporter to not make a record of the objection so that Plaintiff could preserve it for appeal." (*Id.* ¶ 47.) Judge Burch "continually obstructed justice" and "manufactured roadblocks to Plaintiff's fair trial." (*Id.*)

Plaintiff was sentenced on December 20, 2019. (*Id.* ¶ 32.) Contra Costa County failed to give Plaintiff credit for his time served in Alameda County. (*Id.* ¶¶ 32–33, 42–43.) Plaintiff "spent many extra days in San Quentin Prison under extreme pandemic COVID-19 conditions, and pending his appeal, he is still subject to extra days on what [the California Department of Corrections and Rehabilitation ("CDCR")] asserts is parole." (*Id.* ¶ 49.)

After his sentence, the Probation Officer "fabricated a story" that Plaintiff had been homeless in Contra Costa County, despite knowing that Plaintiff was a lifelong resident of and business owner in Alameda County. (*Id.* ¶ 37.) "The Probation Officer also provided CDCR with the facts of the alleged offenses, which they fabricated in part to make them seem more brutal than the conviction." (*Id.* ¶ 63.) "The Probation Officer published to CDCR that Plaintiff was convicted of Great Bodily Injuries when he had not [been]." (*Id.*)

> [The] falsehood[s] [were] designed so it would have input into [Plaintiff's] parole conditions and to increase his chances of mortality. Defendants were aware Plaintiff suffered from advanced coronary disease and should have been placed with family and near a hospital. . . . [Defendants] sent [Plaintiff] to Red Bluff, a small town where White people move in order to get away from Black People. When they do encounter Black people there it could have murderous consequences, and that was Probation's intention, to have [] Plaintiff die or be killed there.

(*Id.* ¶ 37.) The Probation Officer knew "Plaintiff suffered from shortness of breath and heart disease as he had gone to the hospital while unlawfully detained." (*Id.* ¶ 75.) Plaintiff was sent to Red Bluff for two weeks in 2021 where he was without food or shelter, "plac[ing] his life at risk and caus[ing] his health to deteriorate." (*Id.* ¶ 67.)

Plaintiff names as defendants Contra Costa County, the County's Clerk-Recorder Deborah

2

1    Cooper, the County's Court Reporter Patricia D. Malone, the County's Chief Probation Officer

2    Esa Ehmen Krause, and Does 1–10.  (*Id.* at 1.)  Plaintiff's requested relief includes compensatory

3    and general damages in the amount of $1,007,100; changes to Contra Costa County's policies;

4    punitive damages against all Defendants in the amount of $500,000; attorney's fees; and trial by

5    jury.  (*Id.* at 15–16.)  Plaintiff's "underlying conviction in cases 01-188003 and 0051905-90 are

6    currently on Appeal in People v. Johnson A159389, and there is an accompanying Petition for

7    Writ Of Habeas Corpus also pending associated with that appeal." (*Id.* ¶ 14.)

8                                              **LEGAL STANDARD**

9          The Court has a continuing duty to dismiss any case in which a party is proceeding *in*

10   *forma pauperis* upon a determination that the case is: (1) frivolous or malicious, (2) fails to state a

11   claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is

12   immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  The standard of review under 28 U.S.C.

13   §1915(e)(2) mirrors that of Federal Rule of Civil Procedure 12(b)(6).  *Lopez v. Smith*, 203 F.3d

14   1122, 1126–27 (9th Cir. 2000).  Thus, the complaint must allege "enough facts to state a claim to

15   relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facial

16   plausibility standard is not a "probability requirement" but mandates "more than a sheer

17   possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

18   (cleaned up).  To avoid dismissal, a complaint must contain more than "naked assertion[s],"

19   "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."

20    *Twombly*, 550 U.S. at 555–57.  "A claim has facial plausibility when the plaintiff pleads factual

21   content that allows the court to draw the reasonable inference that the defendant is liable for the

22   misconduct alleged." *Iqbal*, 556 U.S. at 678.

23         A complaint must contain "a short and plain statement of the claim showing that the

24   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-cv-

25   03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015).  "While the federal rules require

26   brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice'

27   of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR

28   (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89,

                                                        3

93 (2007)).  A complaint that fails to state a defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a)."  *Medina Chiprez v. Becerra*, No. 20-CV-00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

Further, when a plaintiff files a complaint without representation by a lawyer, the Court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (cleaned up).  "A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up).

## DISCUSSION

As the Court explained in screening Plaintiff's First Amended Complaint, his claims against the Court Clerk and Court Reporter are barred by absolute quasi-judicial immunity.  (Dkt. No. 12 at 4–5.)  Plaintiff disagrees, (Dkt. No. 13 ¶¶ 15–36), and again names both as Defendants, (*id.* ¶¶ 2–3), although the only "cause of action" relates to the Probation Officer, (*id.* at 13).  To the extent the Second Amended Complaint asserts claims against the Court Clerk and Court Reporter, they are barred by absolute quasi-judicial immunity for the reasons stated in the Court's earlier screening order, (Dkt. No. 12).

With respect to the Probation Officer, the Second Amended Complaint satisfies Section 1915 review.  "[A]n inmate who is released on parole" "may be returned" to a county or city other than that of his last legal residence "if that would be in the best interests of the public."  Cal. Penal Code § 3003(a)-(b).  The Second Amended Complaint alleges facts that could support an inference that Plaintiff's placement in Red Bluff was contrary to the public interest or violative of a constitutional right.  Plaintiff alleges that the Probation Officer put false information about Plaintiff's residence and the nature of his conviction into his probation report, in a deliberate effort to place Plaintiff far from home despite the risks based on his health and race.  This conclusion is without prejudice to Defendants moving to dismiss after being served in this case.

As the Court explained in earlier screening orders, probation officers have absolute

1    immunity with respect to "the imposition of parole conditions." *Thornton v. Brown*, 757 F.3d 834,

2    840 (9th Cir. 2013) (cleaned up).  The facts as pleaded do not compel a finding of immunity

3    because it is not clear as a matter of law that the Probation Officer's alleged conduct is an

4    "imposition of parole conditions." (*See* Dkt. No. 7 at 6; Dkt. No. 12 at 6.)  This conclusion is

5    without prejudice to Defendants moving to dismiss.

6        With respect to the County, the Second Amended Complaint satisfies Section 1915 review.

7    Liberally construed, the Second Amended Complaint alleges that the County knew the risks

8    associated with sending Plaintiff to Red Bluff, (Dkt. No. 13 ¶¶ 37–38, 75), and deliberately gave

9    false information to CDCR, (*id.* ¶¶ 51, 63, 67, 74).  *See Clouthier v. County of Contra Costa*, 591

10   F.3d 1232, 1249 (9th Cir. 2010), *overruled on other grounds by Castro v. County of Los Angeles*,

11   833 F.3d 1060 (9th Cir. 2016) ("[A] local government may be held liable under § 1983 when the

12   individual who committed the constitutional tort was an official with final policy-making authority

13   or such an official ratified a subordinate's unconstitutional decision or action and the basis for it."

14   (cleaned up)).  Plaintiff also seeks "[a] change in County . . . policy . . . prohibiting probation

15   officers [from] intentionally including harmful and false information in prisoner[s'] files that cause

16   them to be placed in unsafe environments." (Dkt. No. 13 at 16.)  This conclusion is without

17   prejudice to Defendants moving to dismiss.

18                                    **CONCLUSION**

19       The Clerk of Court shall issue the summons to Defendants Contra Costa County and Esa

20   Ehmen Krause, the County's Chief Probation Officer.  Further, the U.S. Marshal or the Clerk's

21   Office for the Northern District of California shall serve, without prepayment of fees, a copy of the

22   Second Amended Complaint (Dkt. No. 13); earlier complaints and screening orders (Dkt. Nos. 1,

23   7, 9, 10, 11, 12); scheduling order (Dkt. No. 3); this order; and any other documents specified by

24   the Clerk, upon Defendants Contra Costa County and Esa Ehmen Krause.

25       Defendants Deborah Cooper, Court Clerk and Patricia D. Malone, Court Reporter are

26   DISMISSED.  *See* 28 U.S.C. § 1915(e)(2) (mandating dismissal of any claim that "seeks monetary

27   relief against a defendant who is immune from such relief").

28   //

United States District Court
Northern District of California

1          **IT IS SO ORDERED.**

2    Dated: May 2, 2022

3

4                                                          _____
                                                           Jacqueline Scott Corley
5                                                          JACQUELINE SCOTT CORLEY
                                                           United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

6