UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ESA EHMEN KRAUSE, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-07579-JSC<br><br>**ORDER RE: MOTION TO RESCIND PLAINTIFF'S IN FORMA PAUPERIS STATUS ON APPEAL**<br><br>Re: Dkt. No. 32 |

The Court granted Defendants' motion to dismiss and entered judgment on August 11, 2022. (Dkt. Nos. 28, 29.)[1] Plaintiff's appeal to the Ninth Circuit Court of Appeals was docketed on August 24, 2022. (Dkt. Nos. 30, 31.) Plaintiff proceeded in this case *in forma pauperis* ("IFP"), meaning without paying the ordinary filing fee. Before the Court is Defendants' motion to rescind Plaintiff's IFP status. (Dkt. No. 32.) After carefully considering the briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the October 6, 2022 hearing, and DENIES the motion.

## DISCUSSION

A court may revoke a plaintiff's IFP status on appeal if it "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." Fed. R. App. P. 24(a)(3)(A); *see Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (noting that district court may revoke IFP status if appeal as a whole is frivolous, not for particular claims). "'Not taken in good faith' means 'frivolous.'" *Gray v. Hamilton*, No. C 10-4614, 2010 WL 4281812, at *2 (N.D. Cal. Oct.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

25, 2010); *see Ellis v. United States*, 356 U.S. 674, 674–75 (1958) ("In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous.  The good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit.").

Across his original and amended complaints, Plaintiff brought claims against Contra Costa County Clerk-Recorder Deborah Cooper, the County's Court Reporter Patricia D. Malone, the County's Chief Probation Officer Esa Ehmen-Krause, and the County.  (Dkt. Nos. 1, 9, 13.)  The Court dismissed the claims against Ms. Cooper and Ms. Malone on the basis of absolute quasi-judicial immunity.  (Dkt. No. 14.)  It dismissed the claims against Ms. Ehmen-Krause in part because of absolute judicial immunity and in part because of deficient factual allegations.  (Dkt. No. 28.)  It dismissed the claims against the County because of deficient factual allegations.  (*Id.*)  Thus, while courts have certified appeals as frivolous due to the defendants' immunity, that is not the only issue presented in Plaintiff's appeal.  *See* Order Revoking Plaintiff's In Forma Pauperis Status on Appeal, *Fanslow v. County of Sonoma*, No. C-11-1955-EMC (N.D. Cal. Sept. 6, 2011), Dkt. No. 21 at 2–4 (certifying appeal was frivolous in part because defendant had quasi-judicial immunity); *James v. Townsley*, No. CV–11–050–EFS, 2011 WL 2559629, at *1 (E.D. Wash. June 28, 2011) (same); *Gray*, 2010 WL 4281812, at *2 (same).  Therefore, Plaintiff's appeal is not frivolous as a whole.  *See Hooker*, 302 F.3d at 1092.

Accordingly, Defendants' motion is DENIED.

This Order disposes of Docket No. 32.

**IT IS SO ORDERED.**

Dated: September 29, 2022

JACQUELINE SCOTT CORLEY
United States District Judge